IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAWRENCE A. ELEUTERI, JR., | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 10-2002 (JBS/AMD) |
| v. | : | |
| KAREN ELEUTERI, ET AL., | : | **OPINION** |
| Defendants. | : | |

**SIMANDLE**, District Judge:

    This matter is before the Court on Defendant Hurley's
motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules
of Civil Procedure [Docket Item 10] and Plaintiff's request to
certify certain questions of law to the New Jersey State attorney
general pursuant to 28 U.S.C. § 2403 [Docket Item 21].  The Court
finds as follows:

    1.  Plaintiff filed opposition to Defendant's motion well
after the deadline for that filing had elapsed, without leave of
Court.  Defendant replied to this opposition, which was also by
necessity out of time, followed by Plaintiff's filing of an
unauthorized sur-reply.  When neither side has sought to strike
the others' improper papers, the Court will ordinarily consider
the filings even though they violate the Local Civil Rules.
Here, however, the opposition brief is a rambling collection of
quotes from cases and statutes with little or no connection to
the subject matter of Defendant's motion, and to the extent the

Court understands it, the Court discerns no relevant arguments contained in it.  The Court will not consider a late-filed brief that appears to add little to the matter but delay to its resolution.  Since the Court will not consider the opposition, the reply and sur-reply are moot.  The Court rejects all the filings, pursuant to  L. Civ. R. 7.1(d)(4)-(7).

2.  The fact that a motion to dismiss is not properly opposed is not alone a sufficient reason to grant it.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).  The Court must still determine whether dismissal is warranted.

3.  In order to give Defendant fair notice, and to permit early dismissal if the complained-of conduct is not unlawful, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  These factual allegations must present a plausible basis for relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).  In its review of Defendant's motion to dismiss, the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

4.  Plaintiff alleges that he had an oral agreement with

unspecified Defendants such that they were to sell him a house and lot adjoining their property.  (Am. Compl. Count 2 ¶ 1.) Subsequently, before the deal was memorialized, these Defendants reneged, and told Plaintiff that they would not pass the title of his residence to him unless he relinquished visitation rights to his children.  (Am. Compl. Count 1 ¶ 1, Count 2 ¶ 3.)  When Plaintiff brought suit in state court, he claims that some of the Defendants portrayed the oral agreement as one involving a lease. (Id.)  They also falsely told the Court, according to Plaintiff, that Plaintiff and his children were living in the home rent-free while they cared for plaintiff's children.  (Am. Compl. Count 3, ¶ 1.)  Plaintiff also claims that Defendant Thomas Hurley Esq. took a document from a deposition which was evidence of the Defendants' attempts to add the visitation rights issue as a condition of the sale of the property.  (Am. Compl. Count 4 ¶ 1.) Finally, Plaintiff alleges that unspecified Defendants have abused his children, with the only example being the allegation that Defendant Karen Eleuteri "sleeps in the same bed with Jacob Spering endangering his welfare and that of plaintiffs children and the public at large."  (Am. Compl. Count 7 ¶ 4.)

　　5.  Plaintiff's Amended Complaint brings seven claims: Count 1 brings a claim for conspiracy pursuant to 42 U.S.C. § 1983, § 1985, and § 1982; Count 2 brings a claim for "the tort of coercion" based on the new demand added to oral real estate

agreement; Count 3 brings a claim for fraudulent misrepresentation based on Plaintiff's allegation of Defendants reneging on their initial oral offer, and based upon the Defendants' misrepresentations to the state court; Count 4 brings a claim of "explicit fraud" based on the alleged taking of the document from the deposition; Count 5 brings a claim of "acting under color of law," and makes a number of confusing assertions such as that "Defendants bought plaintiffs children hundreds of dollars of clothing without the plaintiff even knowing;" Count 6 brings a breach of contract claim regarding the breach of the oral agreement regarding the sale of the real property; and Count 7 brings a claim for "willful neglect and child abuse" alleging that Defendant Karen Eleuteri "sleeps in the same bed with Jacob Spering endangering his welfare and that of plaintiffs children and the public at large," without further explanation.

6.   Defendant Thomas Hurley moves to dismiss the Amended Complaint as against himself.  Defendant argues, and the Court agrees, that the only claim that makes factual allegations about him which could even be close to sufficient under the Federal Rules of Civil Procedure is Count 4.  The other counts do not give Defendant any notice nor provide sufficient factual content to satisfy Rule 8 of the Federal Rules of Civil Procedure because they name unspecified Defendants and, to the extent they contain factual context, do not seem to include Hurley.  To the extent

Plaintiff intended to bring any of the other claims against Hurley, the Court will dismiss those claims as against Hurley.

7. Count 4 contains somewhat clearer factual allegations, at least as they relate to Hurley's role in the alleged conduct. It states, in relevant part:

> Thomas Hurley Esq. took a key piece of evidence at deposition which was a memo dated March 2007 and either destroyed it or concealed it. The memo clearly stated defendants' demand of an exchange of child visitation for a transfer of title to the real estate. At deposition, Thomas Hurley, Esq. said, "I'll take that" and he never returned it. Thomas Hurley was listed as the "middleman." This evidence was an illegal child bartering agreement in the form of a memo written by defendant Karen Eleuteri asking Plaintiff to sit down with her and Thomas Hurley Esq. to exchange visitation rights for property. This is against the rules of court and public policy.

(Am. Compl. Count 4.)

8. Hurley makes the following non-meritorious arguments with respect to Count 4: he argues that non-clients may not sue attorneys except in very limited circumstance, mistaking the specific rule with respect to malpractice claims for a rule providing general immunity to attorneys for all torts; he makes factual arguments about Plaintiff's pleading, but on this procedural posture Plaintiff's well-pleaded factual allegations are to be regarded as true; and he asserts litigation privilege, which protects an attorney's statements made to achieve the objects of litigation that have some connection or logical

relation to the action, but is irrelevant to Plaintiff's claim involving theft of evidence.  See generally Hawkins v. Harris, 141 N.J. 207, 213 (1995) (describing the privilege).

9.   Count 4 must nevertheless be dismissed as a claim against Hurley.  It is not clear whether, under New Jersey, extrinsic fraud can be brought as a tort claim against an individual, as distinct from being simply a basis for equitable relief from judgment.  In any case, spoliation of evidence, like perjury, is generally regarded as an intrinsic rather than extrinsic fraud.  See, e.g., Buesa v. City of Los Angeles, 100 Cal. Rptr. 3d 86, 91 (Cal. App. Ct. 2009).  New Jersey does recognize a tort based on the destruction of important litigation evidence in some circumstances, but Plaintiff has not alleged sufficient facts to state this potential claim.  See Hewitt v. Allen Canning Co., 728 A.2d 319, 321 (N.J. Super. Ct. App. Div. 1999) (requiring that plaintiff's case is actually disrupted by the destruction of evidence and that this proximately causes plaintiff to suffer damages).  In particular, the pleadings provide no factual basis for the Court to assess whether the taking of this document actually had any effect on Plaintiff's state court matter, or whether it caused him economic damage.  Count 4 also does not state a claim under other potential torts.  Plaintiff does not allege that the document belonged to him, for example, preventing the Court from construing the claim as one

6

for conversion.  See <u>McAdam v. Dean Witter Reynolds, Inc.</u>, 896 F.2d 750, 771 (3d Cir. 1990).

10.  In a filing of February 17, 2011, Plaintiff attempted to supplement the Amended Complaint under Rule 15(d) of the Federal Rules of Procedure without leave of Court.  [Docket Item 16.]  The Supplemental claims will not be added to the Amended Complaint until Plaintiff makes a formal motion to supplement, giving Defendant an opportunity to respond, and until the Court grants such a motion.

11.  Plaintiff also filed a request to certify certain questions of law to the New Jersey State attorney general pursuant to 28 U.S.C. § 2403.  [Docket Item 21.]  This request will be denied, since it is not yet clear that the Court will be called upon to determine the constitutionality of any state statute.  If it should become clear that the Court is called upon to do so, the Court will consider such a certification at that time.

12.  Plaintiff has notified the Court that Defendant Lawrence A. Eleuteri, Sr. has died.  The Court takes notice under Rule 25(a), Fed. R. Civ. P., that Mr. Eleuteri, Sr. has died, and the clerk will note this on the docket.

13.  Finally, the alleged basis for subject matter jurisdiction in this case is federal question jurisdiction arising from Plaintiff's claims that Defendants were acting under

color of state law and therefore may be liable under 42 U.S.C. §
1983.  (Plaintiff also sued under 28 U.S.C. § 1346, but that
section applies only when the United States is a defendant.)
Other than the conclusory assertion that Defendants were "in
privity with local and state government," there appears to be no
factual basis for the claim that they were acting under color of
state law in taking any of the actions alleged to have harmed
Plaintiff.  Plaintiff must therefore show cause as to why the
Amended Complaint should not be dismissed for lack of subject
matter jurisdiction.

    14.  In summary, the only count containing sufficient
factual allegations to put Defendant Hurley on notice of a claim
against him is Count 4, and that count does not state a claim
against Hurley because it contains insufficient factual
allegations to plead a claim for spoliation of evidence or
conversion.  As against Hurley, therefore, the Amended Complaint
will be dismissed without prejudice.  See Alston v. Parker, 363
F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a
plaintiff does not seek leave to amend, if a complaint is
vulnerable to 12(b)(6) dismissal, a District Court must permit a
curative amendment, unless an amendment would be inequitable or
futile.").  Plaintiff's requests to supplement the complaint and
certify a question to the state attorney general will be denied
as improperly requested and unripe, respectively.  And Plaintiff

8

will be ordered to show cause as to why the Amended Complaint

should not be dismissed for lack of subject matter jurisdiction.

The accompanying Order will be entered.


**March 28, 2011**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      United States District Judge