```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LAWRENCE A. ELEUTERI, JR., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-2002 (JBS/AMD) |
| v. | |
| KAREN ELEUTERI, ET AL., | **OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

   This matter is before the Court on the Court's order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. [Docket Item 23.] The Court finds as follows:

   1. This case involves a family dispute between Plaintiff, Lawrence A. Eleuteri, Jr. and Defendants, Karen Eleuteri, Lawrence A. Eleuteri, Sr. (since deceased), and Thomas Hurley, Esq. (Defendants' attorney in another matter). Plaintiff alleges that Ms. Eleuteri and Lawrence A. Eleuteri, Sr. reneged on a land deal, and told Plaintiff that they would not pass the title of his residence to him unless he relinquished visitation rights to his children. (Am. Compl. Count 1 ¶ 1, Count 2 ¶ 3.) When Plaintiff brought suit in state court, he claims Defendants defrauded the state court and otherwise behaved unlawfully throughout the litigation. (Am. Compl. Count 3-4.) Finally, Plaintiff alleges that unspecified Defendants have abused his

children. (Am. Compl. Count 7 ¶ 4.)

2. The Amended Complaint originally brought seven claims: Count 1 brings a claim for conspiracy pursuant to 42 U.S.C. § 1983, § 1985, and § 1982; Count 2 brings a claim for "the tort of coercion" based on the new condition added to real estate agreement; Count 3 brings a claim for fraudulent misrepresentation based on Plaintiff's allegation of Defendants reneging on their initial offer, and based upon the Defendants' misrepresentations to the state court; Count 4 brings a claim of so-called "explicit fraud" based on the alleged taking of the document from the deposition; Count 5 brings a claim of "acting under color of law," and makes a number of confusing assertions such as that "Defendants bought plaintiffs children hundreds of dollars of clothing without the plaintiff even knowing;" Count 6 brings a breach of contract claim regarding the breach of the agreement regarding the sale of the real property; and Count 7 brings a claim for "willful neglect and child abuse" alleging that Defendant Karen Eleuteri "sleeps in the same bed with Jacob Spering endangering his welfare and that of plaintiffs children and the public at large," without further explanation.

3. In its Opinion and Order of March 28, 2011, this Court ordered Plaintiff to show cause why this Court has subject matter jurisdiction over this action. The Court stated:

> [T]he alleged basis for subject matter
> jurisdiction in this case is federal question

> jurisdiction arising from Plaintiff's claims that Defendants were acting under color of state law and therefore may be liable under 42 U.S.C. § 1983. (Plaintiff also sued under 28 U.S.C. § 1346, but that section applies only when the United States is a defendant.) Other than the conclusory assertion that Defendants were "in privity with local and state government," there appears to be no factual basis for the claim that they were acting under color of state law in taking any of the actions alleged to have harmed Plaintiff. Plaintiff must therefore show cause as to why the Amended Complaint should not be dismissed for lack of subject matter jurisdiction.

[Docket Item 22 at 7-8.]

4.  Plaintiff submitted two filings on April 11, 2011. First, he moved to file the supplemental complaint he had previously sought to file without a formal motion. [Docket Item 24.] He also submitted argument on the issue of subject matter jurisdiction. [Docket Item 25.] The Court will consider whether it has subject matter jurisdiction over either version of the pleading.

5.  The critical question on subject matter jurisdiction, as this Court explained in the March 28, 2011 opinion, is whether there is any "factual basis for the claim that [Defendants] were acting under color of state law in taking any of the actions alleged to have harmed Plaintiff." [Docket Item 22 at 7-8.] An explicit requirement for liability under § 1983 is that the defendant must have acted "under color of state law." 42 U.S.C. § 1983.

6. Plaintiff makes two arguments that the conduct of these individuals constituted state action. First, he argues that because Mr. Eleuteri, Sr. was a retired judge, "[l]aw enforcement and the judiciary view his words and actions differently than an ordinary person and the case should have been tried out of state which should be a rule of thumb when retired judges are involved." [Docket Item 25 at 2.] Even a currently employed state official's actions do not constitute state action unless he or she depends upon the "cloak of the state's authority" as a means to commit the alleged acts. Barna v. City of Perth Amboy, 42 F.3d 809, 816 (3d Cir. 1994). None of the conduct alleged with respect to Mr. Eleuteri Sr. required him to have even been formerly employed as a judge, much less did it depend on some present governmental status. Moreover, Plaintiff admits that the litigation between him and Karen Eleuteri and Mr. Eleuteri, Sr. was transferred out of the court in which Eleuteri, Sr. had served, so Plaintiff's concerns about bias seem particularly unfounded.

7. Plaintiff's second argument is that Defendants' conduct involved state courts, and state custody laws, and therefore it was "under color of state law." Mere use of legal mechanisms available to all private citizens does not constitute state action. See, e.g., Boyce v. Eggers, 513 F. Supp. 2d 139, 144 (D.N.J. 2007) (holding that even a city employee was not acting

under color of law when she filed a complaint with the police); Bennings v. Kearney, 2 Fed. App'x 218 (2d Cir. 2001). If Plaintiff seeks to challenge the conduct of the state or its courts as unconstitutional, he must bring suit against those entities, not against private parties appearing before the state court.

8. Because neither of Plaintiff's arguments regarding state action has any merit, and because it is clear that this case has nothing to do with any actions made under color of state law, as that term is properly understood, this is a conflict properly handled in the courts of the State of New Jersey.[1] The Court lacks subject matter jurisdiction. Pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, the Court will dismiss the action without prejudice. The accompanying Order will be entered.

**June 20, 2011**          **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                            United States District Judge

---

[1] The Court has also examined whether an alternative basis for subject matter jurisdiction would exist under diversity of citizenship, 28 U.S.C. § 1332. Because Plaintiff and Defendants are all New Jersey citizens, (Am. Compl. 1), no diversity of citizenship exists.